# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN
## MILWAUKEE DIVISION

MEGAN VOEKS, Individually and on Behalf of All Others Similarly Situated, )

Plaintiff, )

v. )

BARCLAYS BANK DELAWARE, )

Defendant. )

Case No.: 18-cv-808

**CLASS ACTION COMPLAINT**

**Jury Trial Demanded**

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (the "TCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 28 U.S.C. §§ 1331 and 1337; *see also Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 753 (2012) (holding that federal courts have federal question jurisdiction over TCPA claims.).

3. This Court has personal jurisdiction over Defendants because, as the conduct at issue occurred in or was directed toward individuals in the state of Wisconsin, Defendant has established minimum contacts showing it has purposefully availed itself to the resources and protection of the State of Wisconsin. Defendant does substantial business in Wisconsin.

4. Venue is proper in the United States District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a), because a substantial part of the events giving rise to the claims, namely automated telephone calls to persons in this District and debt collection activities, occurred in this District.

## PARTIES

5. Plaintiff Megan Voeks ("Plaintiff") is an individual who resides in the Eastern District of Wisconsin (Milwaukee County)

6. At all times relevant, Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

7. Defendant Barclays Bank Deleware ("Barclays") is a state-chartered, commercial bank with its principal offices located at 125 South West Street, Wilmington, DE 19801.

8. Barclays is, and at all times mentioned herein was, a "person", as defined by 47 U.S.C. § 153(39) ("The term 'person' includes an individual, partnership, association, joint-stock company, trust, or corporation.")

## FACTS

9. On December 20, 2017 at approximately 1:06 p.m. (Central Standard Time), Barclays placed a telephone call to Plaintiff's cellular telephone, with a number ending in 3583, from the number 1-302-255-8000.

10. Upon information and belief, on or around December 20, 2017, Barclays placed at least one more additional call to Plaintiff's cellular telephone, with a number ending in 3583, from the number 1-866-456-0695.

11. Upon information belief, Barclays placed the above mentioned calls to Plaintiff's cellular telephone in attempt to contact Julie Voeks, Plaintiff's mother, regarding Julie Voeks's "Barnes & Noble" store-branded credit card account, which was issued and serviced by Barclays.

2

12. Each call to Plaintiff's cellular telephone from Barclays was placed via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

13. The telephone number that Defendants used to contact Plaintiff, with an "artificial or prerecorded voice" and/or made by an "automatic telephone dialing system," was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

14. Neither Plaintiff, nor her mother, nor any other person known to Plaintiff ever provided Plaintiff's cellular telephone number ending in 3583 to Barclays or Barnes & Noble or any agent or employee of either at any time.

15. Neither Plaintiff, nor her mother, nor any other person known to Plaintiff ever provided Barclays with express consent to receive prerecorded or automated calls by Defendant on Plaintiff's cellular telephone.

16. Neither Plaintiff, her mother, nor any other person known to Plaintiff ever provided "prior express consent" allowing Defendants to place telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

17. Upon information and belief, Barclays obtained Plaintiff's cellular telephone number through skip-tracing.

18. Defendant's telephone calls to Plaintiff's cellular phone were not "for emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A).

19. Defendant's telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency

3

purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

20.    Under the TCPA, the burden is on Defendant to demonstrate that Plaintiff provided prior express consent within the meaning of the statute.

21.    The Seventh Circuit has held that the "'called party' in § 227(b)(1) means the person subscribing to the called number at the time the call is made." *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012); *see also Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1251-52 (11th Cir. 2014) ("called party" means the current subscriber and not the prior subscriber or intended recipient for purposes of the TCPA).

### *The TCPA*

22.    In 1991, Congress enacted the TCPA, in response to a growing number of consumer complaints regarding certain telemarketing practices.

23.    The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

24.    According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

4

25.     On February 15, 2012, the FCC released a Declaratory Ruling wherein it clarified that a party must obtain ***prior express written consent*** from the recipient prior to making automated telemarketing calls to the recipient's cellular telephone. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("2012 FCC Declaratory Ruling"), 27 F.C.C.R. 1830, 27 FCC Rcd. 1830, 55 Communications Reg. (P&F) 356, 2012 WL 507959 (Feb, 15, 2012), at ¶ 2.

26.     Barclays had actual or constructive knowledge that Plaintiff's wireless telephone number was assigned to Plaintiff and not her mother.

27.     The Court is bound by all of the FCC's final orders relating to the TCPA. *Balschmiter v. TD Auto Fin. LLC*, 303 F.R.D. 508, footnote 4 (E.D. Wis. 2014) citing *CE Design, Ltd. v. Prism Bus. Media, Inc.*, 606 F.3d 443, 446 (7th Cir. 2010) (holding that under the Hobbs Act, the FCC's TCPA orders are binding); *Media, Inc.*, 606 F.3d 443, 446 (7th Cir. 2010) (holding that under the Hobbs Act, the FCC's TCPA orders are binding).

## <u>COUNT I - TCPA</u>

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.***

28.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

29.      The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

30.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each member of the Class are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

31.     Plaintiff and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.

## COUNT II

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ*.

32.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

33.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

34.     As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

35.     Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

## CLASS ACTION ALLEGATIONS

36.     Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated.

37.     Plaintiff brings this action on behalf of a proposed Class consisting of:

All persons within the United States who, on or after May 25, 2014, received a non-emergency telephone call from or on behalf of Barclays to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice, and who did not provide their cellular telephone number to Barclays.

Plaintiff represents, and is a member of, the Class. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees;

6

any Judge to whom this action is assigned and any member of such Judge's staff and immediate family; and claims for personal injury, wrongful death and/or emotional distress.

38. Plaintiff does not know the exact number of members in each Class, but Plaintiff reasonably believes that Class members number at minimum in the hundreds.

39. Plaintiff and all members of each Class have been harmed by the acts of Defendant.

40. This Class Action Complaint seeks injunctive relief and money damages.

41. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by Defendants and/or its agents.

42. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual Class members. Those common questions of law and fact include, but are not limited to, the following:

a. Whether Defendant and/or its agents made non-emergency calls to Plaintiff's and Class members' cellular telephones using an automatic telephone dialing system and/or an artificial or prerecorded voice;

b. Whether Defendant and/or its agents utilized "skip tracing" methods to locate the cellular telephone numbers of non-customers;

c. Whether Defendant can meet its burden of showing it obtained prior express consent (*i.e.*, consent that is clearly and unmistakably stated), to make such calls;

d. Whether Defendant's conduct was knowing and/or willful;

e. Whether Defendant is liable for damages, and the amount of such damages;

f. Whether Defendant should be enjoined from engaging in such conduct in the future; and

g. Plaintiff asserts claims that are typical of each Class member. Plaintiff will fairly and adequately represent and protect the interests of the Class, and has no interests which are antagonistic to any member of the Class.

33. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes, including claims under the TCPA.

34. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendant to comply with the TCPA. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

35. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

**JURY DEMAND**

45.     Plaintiff hereby demands a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all Class members the following relief against Defendants:

A.     Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

B.     As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

C.     As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages for each and every call that violated the TCPA;

D.     As a result of Defendant's violations of 15 U.S.C. § 1692g, Plaintiff seeks for herself and each Class member statutory damages for Defendant's conduct that violated the FDCPA.

D.     An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

E.     An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate Classes and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

F.     Such other relief as the Court deems just and proper.

Dated:  May 25, 2018

9

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge@ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com

10